■ BURMARK MOTEL CORPORATION, Doing Business as EMPIRE STATE MOTEL AND CATSKILL MOTOR LODGE, Respondent, v MARINE MIDLAND BANK, N. A., Appellant, et al., Defendants. —In an action to recover damages, *inter alia,* for conversion and breach of contract, the defendant Marine Midland Bank, N. A., appeals from so much of an order of the Supreme Court, Dutchess County (Beisner, J.), entered May 12, 1988, as granted that branch of the plaintiff's motion which was for summary judgment in its favor on the issue of liability.

Ordered that the order is reversed insofar as appealed from, with costs, and the motion is denied in its entirety.

The defendant George Wallack managed the plaintiff's motel from 1969 until 1984. During this period, Wallack indorsed and presented for payment at the defendant Marine Midland Bank, N. A. a series of checks naming "Catskill Motor Lodge", an assumed name of the corporate plaintiff, as payee. Wallack indorsed these checks in the name of "Catskill Motor Lodge, George Wallack". In his affidavit, Wallack asserted

that he had been fully authorized to indorse and cash the checks in question, which allegedly totaled a sum of $78,193.90, for use in the motel's operation. The plaintiff, through its president Samuel Shulman, has denied ever having given such authorization.

In 1975, the plaintiff opened its account with the defendant bank. Both the banking resolution and signature card on file with the bank indicated that at all material times only Samuel Shulman and Ruth Shulman were authorized to conduct banking activities on behalf of the plaintiff. Employees of the bank recalled accepting checks from Lorraine Wallack, indorsed by her husband George, since the account was first opened. No employees ever recalled having served either of the Shulmans in connection with that account.

The plaintiff instituted the instant action alleging, *inter alia,* that defendant Marine Midland Bank, N. A., was liable to it for conversion of all those checks indorsed and cashed by the Wallacks naming the plaintiff as payee. Upon the plaintiff's motion for summary judgment against the bank, the Supreme Court ruled that the defendant bank was liable under Uniform Commercial Code § 3-419 (1) (c) for having paid on forged instruments. Because a question of fact has been presented concerning the issue of whether or not Wallack had been authorized to act on behalf of the plaintiff in transacting business with the bank, and specifically, to cash the checks in question, summary judgment is denied. Thompson, J. P., Kunzeman, Harwood and Miller, JJ., concur.